PONZI v. FESSENDEN et al. (Circuit Court of Appeals, First Circuit. June 6, 1922.) No. 1525. Appeal from the District Court of the United States for the District of Massachusetts; Clarence Hale, Judge. Petition by Charles Ponzi for writ of habeas corpus against Franklin G. Fessenden and others. Writ denied, and petitioner appeals. Affirmed, pursuant to opinion of Supreme Court (257 U. S. ——, 42 Sup. Ct. 309, 66 L. Ed. ——), in answer to certified question. See, also, 268 Fed. 997. The following question of law was certified by the United States Circuit Court of Appeals for the First Circuit to the Supreme Court of the United States: The facts in this case are as follows: September 11, 1920, 22 indictments were returned against Charles Ponzi in the superior court for Suffolk county in the commonwealth of Massachusetts, charging him with certain larcenies, with being an accessory before the fact to certain larcenies, and with conspiracy to commit larceny. October 1, 1920, two indictments charging violation of section 215 of the Penal Code (Comp. St. § 10385) were returned against said Ponzi in the District Court of the United States for the District of Massachusetts. November 30, 1920, he was arraigned and pleaded guilty to the first count of one of these indictments, and was sentenced by said court to imprisonment for five years in the House of Correction at Plymouth, in the county of Plymouth and the commonwealth of Massachusetts. April 21, 1921, the superior court for Suffolk county issued a writ of habeas corpus, directing the master of the House of Correction, who, as federal agent, had custody of Ponzi by virtue of the mittimus issued by the United States District Court, to bring said Ponzi forthwith before said court and from day to day thereafter for trial upon the 22 indictments pending before it, but to hold Ponzi at all times in his custody as an officer of the United States, subject to the sentence imposed by the United States District Court. Blake, the master of the House of Correction, made a return to said writ to the effect that he held Ponzi pursuant to process of the United States and prayed that the writ be dismissed. After service of this writ upon Blake, the Assistant Attorney General of the United States, by direction of the United States Attorney General, stated in open court that the United States had no objection to the issuance of the writ, to the compliance with the writ by Blake, or to the production of Ponzi for trial in the superior court, and that the Attorney General directed Blake to comply with the writ. Upon Blake's refusal to produce Ponzi, the superior court adjudged him in contempt and committed him to the custody of a sheriff. Blake thereupon filed in the United States District Court a petition for a writ of habeas corpus, directed against the sheriff, which was dismissed April 27, 1921. From this order of dismissal no appeal was taken by Blake. Thereafter Blake produced Ponzi in the superior court pursuant to, the writ of habeas corpus issued by said court. May 23, 1921, Ponzi filed in the said District Court a petition for a writ of habeas corpus, directed against the justice of the superior court who issued the writ in the state proceedings, and against Blake, the master of the House of Correction, alleging in substance that he was within the exclusive jurisdiction of the United States, and that the state court had no jurisdiction on habeas corpus proceedings directed against said Blake, holding him as a federal agent, to try him for said alleged crimes. If material, it further appears

in the record that Ponzi, having been produced under said state process before the state court, was arraigned and stood mute, and, a plea of not guilty having been entered at the direction of the court, thereupon requested to be admitted to bail, the offense for which he was indicted being bailable, and that said request was denied. Ponzi's petition for writ of habeas corpus was denied by said District Court on May 24, 1921, and an appeal was taken to this court. We desire the instruction of the Supreme Court upon the following question: May a prisoner, with the consent of the Attorney General, while serving a sentence imposed by a District Court of the United States, be lawfully taken on a writ of habeas corpus, directed to the master of the House of Correction, who, as federal agent, under a mittimus issued out of said District Court, has custody of such prisoner, into a state court, in the custody of said master and there put to trial upon indictments there pending against him? It is now, to wit, November 29, 1921, ordered that the foregoing statement of facts, and question of law arising thereon, be certified under the seal of this court and transmitted to the Supreme Court. William H. Lewis, of Boston, Mass. (Daniel H. Coakley, of Boston, Mass., on the brief), for appellant. J. Weston Allen, Atty. Gen. (Edwin H. Abbott, Jr., Asst. Atty. Gen., on the brief), for appellee Fessenden. Charles P. Curtis, Jr., Sp. Asst. U. S. Atty., of Boston, Mass., for the United States. Asa P. French, of Boston, Mass., for appellee Blake. Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. The facts in this case raised the question whether a prisoner might, with the consent of the Attorney General, while serving sentence imposed by a District Court of the United States, be lawfully taken on a writ of habeas corpus, directed to the master of the House of Correction who, as federal agent under a mittimus issued out of said District Court, had custody of such prisoner, into a state court in custody of such master and put to trial upon indictments there pending against him. On November 29, 1921, this question was certified to the Supreme Court under section 239 of the Judicial Code (Comp. St. § 1216). The Supreme Court answered this question in the affirmative in an opinion of March 27, 1922, Ponzi v. Fessenden et al., 257 U. S. ——, 42 Sup. Ct. 309, 66 L. Ed. ——, and by mandate dated May 12, 1922, directed this court to take further proceedings in conformity with said opinion. Pursuant thereto the decree of the District Court, dismissing the petition and denying the writ, is affirmed, with costs to the appellees.